**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PATRICK E. NETT, II, and JUDITH E. NETT,

               Plaintiffs,

v.

                                 Case No. 10-15058

WELLS FARGO HOME MORTGAGE INC., a       HON. MARIANNE O. BATTANI
California corporation, and FEDERAL HOME
LOAN MORTGAGE CORPORATION, a
Government Sponsored Enterprise,

               Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT WELLS FARGO BANK, NA'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SURREPLY BRIEF**

      Before the Court is Defendant Wells Fargo Bank, NA's (Wells Fargo) Motion to

Dismiss and/or for Summary Judgment (Doc. No. 2) and Defendant's Motion to Strike

Plaintiffs' Surreply Brief (Doc. No. 11).  The Court has reviewed all the filings and finds

oral argument will not aid in the resolution of this dispute.  See E. D. Mich. LR 7.1(e)(2).

For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss

and/or for Summary Judgment and **GRANTS** Defendant's Motion to Strike Plaintiffs'

Surreply Brief.

**I.**       **STATEMENT OF FACTS**

      Plaintiffs Patrick and Judith Nett filed their complaint in Macomb County Circuit

Court, which was removed to this Court in December 2010.   Plaintiffs allege claims

arising out of the foreclosure of property located at 57567 Ruby Lane, Washington,

Michigan.  Specifically, Plaintiffs assert that on October 23, 1998, they entered into a loan with Norwest Mortgage, Inc. to purchase the property and as security for the $175,000 indebtedness, they executed a mortgage.  (Doc. No. 2, Ex. A.)

In 2004, a chapter 13 bankruptcy was initiated.  Netts continued to make mortgage loan payments during this time to Wells Fargo.  (Doc. No. 8, Ex. 2.)  After the bankruptcy plan was completed they were instructed to continue making their regular mortgage loan payments, beginning August 1, 2007.  They made payments; however, in September 2007, Wells Fargo refused a payment because there was a past due balance on the account.  According to Plaintiffs, the Bankruptcy Trustee failed to remit payment.  Consequently, Netts sent the Trustee's Final Accounting and Report showing a $0.00 balance.  (Id., ¶11.) Plaintiffs were told that Wells Fargo would refuse payments until an account audit was completed.  (Id., ¶ 13.)  Well Fargo further indicated that Plaintiffs would be reviewed for a loan modification, and Plaintiffs submitted various financial documents for review.  (Id., ¶ 14.)

Plaintiffs received a Fixed Rate Loan Modification Agreement in September 2008.  (Id., ¶ 15.)  In addition, an initial payment of $2,000, was required by September 24, 2008.  (Id.)  Plaintiffs signed the agreement and sent the payment, which Wells Fargo accepted; however, Wells Fargo refused any further payments on the ground that the initial payment was never made. (Id., ¶ 16.)  Thereafter, Wells Fargo explained that the initial payment was incorrect, $6,000 was needed.  (Id., ¶ 19.)

In their affidavits, Netts maintain that they repeatedly contacted Wells Fargo, who refused to accept an additional payment to reinstate the loan modification, but instead indicated that it would review Plaintiffs for a new loan modification. (Id., ¶ 19-21.)  Wells

2

Fargo subsequently told Plaintiffs that it was proceeding with foreclosure.  Plaintiffs repeatedly contacted Wells Fargo to reinstate the mortgage loan.

On January 29, 2010, Plaintiffs learned that their home was sold at a sheriff's sale.  (Id., ¶ 25.)  Netts claim that they never received notice of the sale date and believed that they were being reviewed for loan modification. (Id., ¶ 27.)

In an April 19, 2010, correspondence, Plaintiffs challenged the foreclosure proceedings, asserting that Well Fargo failed to review Plaintiffs for a loan modification, and that the sale violated several statutory provisions, including MICH. COMP. LAWS §§ 600.3204, 600.3205, and 600.3205a-3205c.  (Doc. No 8, Ex. 7.)  In its June 24, 2010, response, Wells Fargo indicated that the request was under review. (Id.)

The redemption period expired on July 29, 2010.  Plaintiffs filed suit on December 10, 2010, alleging breach of contract, and they seek to quiet title to the Property.

## II.   STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)).  If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6).

3

"Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)).  "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).  However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## III.   ANALYSIS

The sole basis for dismissal advanced by Defendant in its motion is Plaintiffs' lack of standing.  Wells Fargo posits that pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and

4

title to the property are extinguished.  In <u>Piotrowski v. State Land Office Bd.</u>, 4 N.W.2d

514 (Mich. 1942), the Michigan Supreme Court addressed the former property owners'

standing to assert claims with respect to their property after the redemption period has

expired.  Specifically, the plaintiffs defaulted on their taxes and never redeemed their

property from the subsequent tax sale.  After the State's title became absolute under

state law, the mortgage was foreclosed by advertisement, and it was sold at a sheriff's

sale.  Again, the plaintiffs failed to redeem the property.  After the redemption period

expired, the property was sold at public auction.  The court subsequently held that the

plaintiffs' matching bid at the scavenger sale was rejected property because as former

owners, they lost their rights after the redemption period in the foreclosure proceedings

expired.  <u>Id.</u> at 183-185.  The <u>Piotrowski</u> case has been cited in more recent state and

federal decisions addressing standing relative to a sheriff's sale.  <u>See</u> <u>Overton v.

Mortgage Electronic Registration Sys., Inc.</u>, No. 284950, 2009 WL 1507342, at *1

(Mich. Ct. App. May 28, 2009); <u>Kama v. Wells Fargo Bank</u>, No. 10-10514, 2010 WL

4386974, at *2 (E.D. Mich. Oct. 29, 2010) (Hood, J .); <u>Smith v. Wells Fargo Home

Mortgage, Inc.</u>, No. 09-13988 (E.D. Mich. August 16, 2010) (Steeh, J.); <u>see also</u> MICH.

COMP. LAWS § 600.3236.   Wells Fargo concludes that, based upon this authority,

Plaintiffs lack standing to challenge the foreclosure and/or sheriff's sale inasmuch as

redemption period expired in July 2010.

       The Court disagrees.  Defendant's brief fails to address the exception carved out

by Michigan courts.  In <u>Manufacturers Hanover Mortgage Corp. v. Snell</u>, 370 N.W.2d

401, 404 (Mich. Ct. App. 1985), the appellate court noted that a mortgagor could

challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings.

> The Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding.  Reid v. Rylander, 270 Mich. 263, 267, 258 N.W. 630 (1935); Gage v. Sanborn, 106 Mich. 269, 279, 64 N.W. 32 (1895). Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale.  Reid, supra, 270 Mich. p. 267, 258 N.W. 630; see also, 16 Michigan Law and Practice, Mortgages, § 174, pp. 438-439. The mortgagor may raise whatever defenses are available in a summary eviction proceeding. M.C.L. § 600.5714; M.S.A. § 27A.5714; 554, Federal National Mortgage Ass'n v. Wingate, 404 Mich. 661, 676 fn. 5, 273 N.W.2d 456 (1979).

Id.

In addition, in United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997), the district court held that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale.  Accord Markoff v. Tournier, 201 N.W. 888, 889 (Mich. 1925) (noting that a foreclosure sale may be set aside for fraud or irregularity).

Plaintiffs have alleged irregularities occurred and other reasons as bases for setting aside the foreclosure.  Accordingly, Wells Fargo did not carry its burden to show it is entitled to relief under Rule 12(b)(6) or Rule 56(c).

Consequently, in its reply, Wells Fargo retreats from its position that standing is precluded because the redemption period has expired and raises arguments relative to the issues of fraud and material irregularity.  These matters go to the heart of Plaintiffs' claims, and the Court declines to address them in the absence of proper briefing.  Wells Fargo is not permitted to raise new issues in its reply.  See Lexicon, Inc. v. Safeco Ins. Co. of America, Inc., 436 F.3d 662, 676 (6th Cir. 2006) (a district court properly declines to consider an issue raised for the first time in a reply brief) (citing Sundberg v. Keller

6

Ladder, 189 F.Supp.2d 671, 682-83 (E.D. Mich. 2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time") (citation omitted))."

Further, to the extent that Netts believed that they needed to respond to the arguments raised for the first time in Defendant's reply, they needed leave of the Court to do so. Parties do not have a right to file a surreply brief under the federal procedural rules or the local rules. See Jones v. Northcoast Behavioral Healthcare Sys., No. 02-4379, 2003 WL 23140062 (6th Cir. Dec. 12, 2003); LaSalle Nat'l Bank Ass'n v. Wonderland Shopping Ctr. Venture Ltd. P'ship, 223 F.Supp.2d 806, 808 n. 1 (E.D. Mich. 2002). Nor should their response to a new argument be limited to a five-page reply. Therefore, the Court strikes the surreply.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss and/or for Summary Judgment is **DENIED**, and Defendant's Motion to Strike Plaintiffs' Surreply is **GRANTED**.

IT IS SO ORDERED.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: April 20, 2011

7

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary

mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager